OF THE

## STATE OF ILLINOIS,

DELIVERED

## JUNE TERM, 1835, AT VANDALIA.

---

*Note.* At this term Justices Lockwood and Browne were not present.

### DANIEL BLEVINGS, plaintiff in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Jefferson.*

Where the defendant pleaded guilty to an indictment for burglary, and the Court sentenced him to be imprisoned in the penitentiary for eighteen months: *Held,* that the proceedings were regular.

The words in " all cases " in § 158 of the Criminal Code, apply only to all cases tried by a jury.

Where a prisoner pleads guilty on an indictment for burglary, the Court should fix the time for which he is to be confined in the penitentiary.

W. B. SCATES, for the plaintiff in error.

J. B. THOMAS, Jr., Attorney General, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

This was an indictment for *burglary* found at the September term of the Jefferson Circuit Court, 1834.

At the March term, 1835, the plaintiff in error was arraigned on the indictment, and thereupon pleaded guilty. The Court sentenced him to imprisonment in the penitentiary for the space of one year and six calendar months; sixteen months to hard labor, and the last two months to solitary confinement. To this judgment the plaintiff excepted.

The only question submitted to the Court for its determination by the errors assigned, is, whether, in the present case, the prisoner having pleaded guilty, the Court, upon the recording of such plea of confession of guilt, shall pronounce the judgment of the law, and sentence the party to imprisonment in the penitentiary, or whether our Criminal Code has omitted to provide for the punishment of offenders in such cases, and left the Court entirely powerless, because the conviction of the párty is rendered on his confession, and not on the verdict of a jury, who may have found his guilt.

It is admitted that at common law, in all criminal cases, juries were empanelled to find the facts only, except perhaps in some cases of special jurisdiction; that they never were invested with the power of determining the character or extent of the punishment to be awarded for the perpetration of the crime. But in considering the present question, we are to be governed entirely by the provisions and enactments of our code of criminal jurisprudence; and if it shall satisfactorily appear from it, that although in cases where the guilt of the party in a criminal trial has been ascertained and pronounced by the verdict of a jury, that jury are, where the punishment shall be by confinement in the penitentiary, to determine in their verdict for what term the offender shall be confined; that the Court have, in all cases where the party indicted shall plead guilty, the express power conferred on it to proceed to render judgment and execution therein, as if the party had been found guilty by a jury; then it will not be contended that the sentence and execution thereon have been erroneous. Now, although it is certain that in the 158th section(1) of the Criminal Code it is expressly provided that in all cases where the punishment shall be by confinement in the penitentiary, " the jury shall say in their verdict for what term the offender shall be confined," still it is as clearly provided in the 173d section(2) of the same act, that in all cases where the party indicted shall plead guilty, such plea shall be received and recorded, and the Court shall proceed to render judgment and execution thereon, as if he or they had been found guilty by a jury. These two sections taken in connection with each other, do not stand in such a position of conflict as to destroy the power given to pronounce the judgment on the confession of guilt, and award the punishment provided by law. The words " in all cases," in the 158th section, must be intended to apply to all cases tried by a jury, for, if any other construction were given, it would lead to the absurd consequence of admitting that on a confession of guilt no punishment could be awarded, notwithstanding the express provision giving the power under the 173d section. The intention of the legislature is apparent; and

(1) R. L. 208; Gale's Stat. 229.    (2) R. L. 212; Gale's Stat. 232.

O*

even by a strict construction, the two sections may be fairly reconciled. There can be no doubt that the judgment was proper and warranted by law. The mode in which this case is before the Court, is not objected to by the counsel for the People, and the Court do not mean to say that it is regular, but they suggest whether the party ought not to have moved in arrest of judgment in the Court below.—This remark is made to preclude the idea of sanctioning the mode now adopted. Let the writ of error be dismissed.

*Judgment affirmed.*